# Road in Cheltenham Township.

Where a road is described in the report of viewers as "beginning at a stake in the center of the Mill road where the lands of A and B meet," the point of beginning of the road is described with sufficient certainty.

The report of a road jury will not be set aside because one of the land-holders was not notified of a meeting for the purpose of signing and completing the report, after his damage had been considered and passed upon at a previous meeting of which he was properly notified.

(Argued February 1, 1888.  Decided March 19, 1888.)

January Term, 1888, No. 167, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Certiorari to the Quarter Sessions of Montgomery County to review an order in a road case.  Affirmed.

January 17, 1887, on petition of T. Henry Asbury and others to the quarter sessions of Montgomery county, viewers were appointed to lay out a road in Cheltenham township.  February 17, the jury met on the premises.  James S. Spenser, one of the landholders, was at that time confined to his bed at West Chester by a serious illness, which continued until his death. An affidavit of his attending physician that Mr. Spenser was not able to leave his bed was presented to the jury.  The jury, however, proceeded to lay out the road through Spenser's farm, and assess the damages.  They then adjourned to another day. Spenser was served with no notice of the second meeting.

The report described the road as "beginning at a stake in the center of the Mill road, where the lands of Richard J. Dobbins and Edward M. Davis, Jr., meet."

The following exceptions, *inter alia,* to the report were filed:

1.  The point of beginning of the road is uncertain.

7.  The viewers misbehaved themselves and did this exceptant great wrong in acting in his absence.  They had the evidence presented to them that he was extremely ill at West Chester, Pennsylvania, unable to leave his bed, and an affidavit of his

physician to that effect laid before them, with an application from his counsel for a continuance until exceptant could be present; but they proceeded with their view, and without any notice to exceptant or to his counsel of their second meeting, closed their proceeding, and made their report to the court, making no return, as it was their duty to do, of the papers filed with them on behalf of exceptant.

The court, YERKES, P. J., of the seventh judicial district, delivered an opinion dismissing the above exceptions, a portion of which was as follows:

The termini are described with sufficient certainty; while it is true that there are two points in the Mill road, where the land of Richard J. Dobbins and Edward M. Davis, Jr., meet, yet the particular point at which the road begins is further designated by a stake, which is often used and has always been regarded as a lawful means of designating a point in a survey or line. The draft, also, distinctly shows which of the two points is the actual beginning of the road. It is difficult to understand how any mistake could be made in ascertaining the point of beginning. The same is true of the point of ending.

The fact that the vacation of the county line road, on the site of which this road ends, would leave the new road without access to any public road or place, is an objection which would apply equally to any road, beginning or ending in another, and is not worthy of any consideration.

It is not complained that there was a failure to give due notice of the first meeting; but it is alleged that on account of sickness, of which the jury were informed, Mr. Spenser asked, and ought to have been given, an opportunity to be heard, personally. That was a matter largely within the discretion of the jury, and depending upon all the attending circumstances, of which, presumably, they were fully and correctly informed.

So far as appears the road as laid out was adopted, and the damages were assessed, at the first meeting. The jury report that the adjourned meeting was for the purpose of completing the report; presumably they had performed, at the first meeting, all their duties, save the formal one of making up the report.

The deposition of J. J. Morrison, produced by the exceptant, also shows that the jury passed upon the question of damages

at that meeting. The fact that the exceptant was not notified of a meeting, for the purpose of preparing and signing or completing a report, after his damage had been considered and passed upon, is not material. In *Re* Limerick Road, 1 Montg. Co. L. Rep. 171, the learned president of this court, the late and lamented Judge Boyer, held that it was sufficient for the report to show that the parties interested had notice of the actual view.

We do not regard the failure to give notice of such adjourned meeting as important, for in the formal matter of making out the report there is no reason why the parties should be heard.

The court subsequently dismissed a petition for review.

The assignments of error specified the action of the court in dismissing the exceptions and refusing a review.

*G. R. Fox & Son,* for estate of James S. Spenser, deceased, appellant.—It is well settled and essential that the points of beginning and ending must be so definitely fixed as to be beyond question. The lines of the lands of Dobbins and Davis do not appear on the report. But that line is an uncertain thing. It is not a public matter. Its exact situation could only be ascertained by a survey of both farms. This the supervisors would have no power to do or order to be done. They would be trespassers. Besides, the line might be disputed. Neither the viewers nor the supervisors would have the power to determine such a dispute. *Re* Conshohocken Ave. 34 Phila. Leg. Int. 339.

Beginning at a stake means nothing. *Re* Road, 58 Pa. 66, shows the importance which this court attaches to precision in fixing the termini. It says: "The termini furnish the only means of tracing the record, and thus become important to the titles of land affected by the road laid out over them."

If the confirmation of this report by the court below should be sustained, the estate of Mr. Spenser would be without remedy on the question of damages.

The recent decision of this court in Lamoreux v. Luzerne County, 116 Pa. 195, 9 Atl. 274, is that no appeal lies in such a case.

The case is one loudly calling for the exercise of the corrective power of the court. *Re* Frankstown Twp. Road, 26 Pa. 473.

*Montgomery Evans,* for petitioners, appellees.—Reasonable certainty as to the termini is all that is required (*Re* Springfield Road, 73 Pa. 127), sufficient to enable the supervisors to locate the road as laid out by the jury.

The draft is a part of the jury's report (*Re* Road, 16 W. N. C. 404); and if the written description of the road and the draft, taken together, definitely locate the road, the requirements of the law are met.

Mr. Spenser had notice of the view, and his counsel were able to protect his rights. The adjourned meeting was merely to sign the report. The question of notice is a fact finally adjudicated in the decree of confirmation. *Re* Road, 16 W. N. C. 407.

If plaintiff were dissatisfied with the damages awarded, he should have excepted to the report on that ground; and the court, in its discretion, would have corrected any insufficiency. In the absence of exception or evidence the court below presumed that proper damages were awarded.

If Lamoreux v. Luzerne County, 116 Pa. 195, 9 Atl. 274, cited in plaintiff's argument, needs any answer, *Ignorantia juris non excusat.*

The court was not in error in refusing the petition for a review, filed November 23, 1887, since the act of June 13, 1836, § 25 (Purdon's Digest, p. 1510, pl. 103), provides that such application shall "be made at or before the next term of said court, after the report upon the first view." The petition for review should have been filed to the June term, 1887, at the latest. *Re* Road, 112 Pa. 212, 3 Atl. 848.

PER CURIAM:

We find nothing in this case, apparent on the record, that requires reversal.

The order of the Court of Quarter Sessions is affirmed.